

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom L. Hartley
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. O-5206
Re: Is the Memorial Equipment
Fund of the Presbytery of
Western Texas, Inc., entitled
to an exemption claim even
though there was no foreclosure
purchase of the property in-
volved?

We have received and considered your letter dated
April 7, 1943, which reads as follows:

"The Memorial Equipment Fund of the Presbytery
of Western Texas, Incorporated, claims an exemp-
tion for taxes for the years 1933 and 1934 on
property located in the City of McAllen, Hidalgo
County, Texas. They make their claim under Article
7150 of the Revised Civil Statutes of Texas,
Section 2A.

"In this particular case the endowment fund had
made an investment in loaning a person money to buy
a house and lot. The Corporation took a deed of trust
on this property and when the account became delin-
quent rather than foreclose the deed of trust or go
through a foreclosure in District Court, the corpora-
tion took a deed from their mortgagor to the property.

"That part of the statute applies as follows:
'...provided that land property received by said
institutions in payment and satisfaction of endow-

ment fund loans or investments shall be exempt for two years only after foreclosure purchase of said land, and no longer." (ours). This office has advised the Tax Assessor and Collector of this County that under the wording of this statute that the Memorial Equipment fund of Presbytery of Western Texas is not entitled to the exemption claim because there was no fore-closure purchase of the property involved.

"We hereby respectfully request that you advise us whether our opinion on this matter is correct or not."

We agree with your construction of the statute quoted above, since exemptions from taxation are never favored and all doubts are resolved against the exemption. The latest case decided by our higher courts supporting this doctrine, and in which the authorities are collated, is City of Long-view vs. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 SW (2d) 1112.

The same construction has been given similar language used in Section One, Article 7150 V.A.C.S. in our previous Opinion No. O-3402, which we are enclosing herewith.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Woodrow Edwards*

Woodrow Edwards
Assistant

APPROVED APR 19, 1943

*Grover Sellers*

FIRST ASSISTANT
ATTORNEY GENERAL

WE:pm



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN